74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Melton PIETROWSKI, Plaintiff-Appellant,
v.
Ray ALDRIDGE, Larry A. Fields, Defendants-Appellees.
 No. 95-6234.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1996.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Melton Pietrowski brought this action pursuant to 42 U.S.C.1983 for damages against Ray Aldridge, an Oklahoma state probation and parole officer, and Larry Fields, the director of the Oklahoma Department of Corrections. Plaintiff alleged that he was deprived of liberty and property without due process and equal protection of the law, and he suffered defamation and invasion of privacy in violation of his Fourth and Fourteenth Amendment rights. He bases his claims on his assertion that he was kept on active parole supervision during a period when he was entitled to be on inactive status under Okla. Stat. Ann. tit. 57, 512, as it existed at the time.
 
 
 3
 Plaintiff was convicted of felony murder and sentenced to life imprisonment in Oklahoma. He was paroled on December 27, 1988. The parole terms required that he report to his probation officer and pay a $10 monthly parole fee unless the fee was waived. These apparently are conditions imposed on one under active parole supervision.
 
 
 4
 At the time plaintiff was paroled Okla. Stat. Ann. 57, 512 provided that "active supervision shall be for a period not to exceed three (3) years," except as provided in a later subsection. The later subsection permitted an extended period not to exceed the maximum term for which the parolee was sentenced upon a determination by the Division of Community Services that the best interests of the public and the parolee would be served by the extended period. Plaintiff alleges that he paid his $10 per month and submitted to the supervision until he was arrested[2] on a warrant issued on July 12, 1993, more than three years after his release on parole. He asserts that he is entitled to (1) a return of the $10 per month that he paid during the period in excess of three years, (e.g., after December 1991), and (2) damages for defamation of his character and invasion of his privacy.
 
 
 5
 After reviewing a Martinez report and competing affidavits, the district court granted summary judgment in favor of defendants, finding that there was no constitutional right to parole in the first instance, and no right to the distinction between active and inactive parole status. The district court also essentially found no damages because plaintiff would have had to report his arrest and would have had his parole revoked whether he was on active or inactive status. Plaintiff relies upon Greenholtz v. The Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979), for his assertion that the cited state statute granted plaintiff a liberty interest after three years of supervision and freed him from the obligation of paying the $10 monthly fee. He asserts he was denied due process and equal protection when his active supervision was mistakenly continued by defendants without the hearing and determination required by the Oklahoma statute for continued active parole supervision.
 
 
 6
 We express no view on plaintiff's rights under state law to a refund of his monthly $10 fee and other appropriate relief. But we do agree with the district court that he has not stated a federal constitutional violation. Not every violation of a state statute rises to the level of a tort under the federal constitution. Plaintiff was free from restraint except for periodic reports to his parole officer and the $10 monthly fee. He has made no credible allegations of any other harm that he suffered from being under active rather than inactive parole supervision. Neither has he asserted facts demonstrating that defendants systematically treated him differently from similarly situated persons. For purposes of this case we assume plaintiff has correctly interpreted the statute; but we note his release did not state a termination date of his active parole supervision--apparently because he was serving a life term--and did contain an explicit agreement that he would "submit to the supervision of the Oklahoma Department of Corrections ... prior to the expiration of my parole." I R. tab 11 att. E. At most it appears that a mistake was made and that plaintiff was carried on active supervision status beyond the time when he was entitled to go to inactive status. The position of these two defendants is not substantially different from that of the defendants in Williams v. Anderson, 599 F.2d 923 (10th Cir.1979), cert. denied, 444 U.S. 1046 (1980), in which we found no 1983 liability when a prisoner was mistakenly incarcerated beyond the end of his sentence.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Defendant was reincarcerated after his arrest and apparently is currently in custody serving out the remainder of his life term for murder